{¶ 38} I respectfully dissent.
 {¶ 39} In his first assignment of error, James argues that the trial court erred by failing to grant his motion to suppress evidence seized pursuant to an unlawful search by appellee.
 {¶ 40} The majority takes the position that "the trial court did not err by denying appellant's motion to suppress because the affidavit of Special Agent 76 provided the judge with probable cause to issue a search warrant." I disagree.
 {¶ 41} The authorities obtained a search warrant based on information gathered during an investigation employing a concerned citizen and Confidential Informant 584. Both sources, in this writer's opinion, failed to provide a substantial basis to issue a search warrant.
 {¶ 42} First, the concerned citizen, who remained anonymous, did not view appellant do anything suspicious or illegal. The Lake County Narcotics Agency merely received complaints from the concerned citizen regarding high-volume, short-term and long-term traffic at appellant's condominium. The concerned citizen never reported viewing any drug transactions.
 {¶ 43} Second, Confidential Informant 584 attempted to hide a small amount of drugs in his pocket for himself, which places his honesty at issue. Special Agent 76 was aware of the foregoing, but improperly concealed the information from the judge who signed the search warrant. Special Agent 76 had a duty to disclose the information at the time of applying for the search warrant, as it would have related to the issue of the credibility of Confidential Informant 584. His failure to do so affects the outcome of this case.
 {¶ 44} Suppression is an appropriate remedy when a law enforcement officer knowingly or recklessly provides false or misleading information in an affidavit.[5] The intentional deception of Special Agent 76 demonstrates the unreliability of his testimony. Also, Special Agent 76 failed to provide any information as to the reliability of Confidential Informant 584.[6] The combined disregard for the truth by Confidential Informant 584 and Special Agent 76 failed to provide a reliable foundation for probable cause to justify the issuance of a search warrant.
 {¶ 45} For the foregoing reasons, I would reverse the judgment of the trial court.
[5] State v. George (1989), 45 Ohio St.3d 325, 331, quotingUnited States v. Leon (1984), 468 U.S. 897, 923.
[6] See State v. Dalpiaz, 151 Ohio App.3d 257,2002-Ohio-7346, at ¶ 43 (holding that an affiant must provide an indication of an informant's reliability in order to establish probable cause for the issuance of a search warrant).